## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Robert Williamson, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Chad Pringle, JRCC Warden, et al., | ) | Case No. 1:24-cv-069 |
| | ) | |
| Defendants. | ) | |

On March 31, 2025, Plaintiff filed a document captioned "Rule 34 Producing" wherein he requested the issuance of a subpoena duces tecum. (Doc. No. 75). For the reasons discussed below, the request is **DENIED**.

## I.      BACKGROUND

Plaintiff, a state prisoner incarcerated at the North Dakota State Penitentiary, is proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. He has been permitted to proceed with a myriad of claims against a total of twenty named and unnamed North Dakota Department of Corrections and Rehabilitation ("ND DOCR") employees in their individual capacities. (Doc. No. 13). His claims against Defendants in their official capacities as well as his claims against the State of North Dakota and others were dismissed on initial review. (Id.).

On March 31, 2025, Plaintiff filed a document captioned "Rule 34 Producing." (Doc. No. (Doc. No. 75). Therein he asserts that he is presently unable to access his correctional file and that the ND DOCR's Records Coordinator has informed him that he will need a subpoena. (Id. at ¶¶ 93 and 95). He further asserts that he requires his medical, psychological, and treatment records to

1

"show my mental health meds getting <u>Increased</u> due the <u>mental anguish</u> of DOCR staff members conduct, Records of the psychologist and <u>treatment logs</u> requesting help for <u>mental issues promblems</u>." (<u>Id.</u> at ¶ 94) (emphasis and errors in original).  Invoking Fed. R. Civ. P. 34 and 45,[1] he requests the court "to issue a subpoena to inspect [his] whole records folder."  (<u>Id.</u> at ¶¶ 93 and 95; Doc No. 75-1)

Plaintiff also filed a copy of the letter that he received from the ND DOCR's Records Coordinator.  (Doc. No. 75-2).  The letter, dated January 29, 2025, states the following in relevant part:

> You requested all the documents that make up your correction file at the ND DOCR.  Here are the general requirements for each type of record in an adult in custody's file:
>
> 1.    The legal records are open and may be released.
>
> 2.    The case history records are subject to Section 1 of N.D.C.C. Section 12-47-36 and are an exempt record defined in N.D.C.C. Section 44-04-17.1  The ND DOCR releases exempt records pursuant to a subpoena duces tecum or North Dakota court order.
>
> 3.    The medical, psychological, and treatment records are subject to N.D.C.C. Subsection 12-48-36(2), which requires application to a North Dakota state district court for an order authorizing the ND DOCR to disclose the records.  The application must include showing there is a proper and legitimate purpose for the inspection of the records, with service of the application on the ND DOCR, and the opportunity for the ND DOCR to submit a written response.
>
> Finally the ND DOCR follows N.D.C.C. Subsection 44-04-18(2) regarding record requests in the making of copies, locating records, or mailing a copy of records.

---

[1] Plaintiff also invokes the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  "FOIA applies only to records of federal agencies and only gives this Court jurisdiction over requests for data from federal agencies." <u>Canada v. Olmsted Cnty. Cmty. of Corr.</u>, No. 21-CV-2120 (NEB/DTS), 2022 WL 607482, at *5 (D. Minn. Mar. 1, 2022) (citing 5 U.S.C. §§ 551(1), 552(a); <u>Mace v. EEOC</u>, 37 F. Supp. 2d 1144, 1150 n.6 (E.D. Mo. 1999)).  As the ND DOCR is not a federal agency, FOIA is inapplicable.

(Id.).

On April 15, 2025, Defendants filed a response to Plaintiff's motion. (Doc. No. 80). First, they point out that Plaintiff did not serve them with his discovery requests prior to filing his motion. Next, advising that they are treating Defendant's motion as a Rule 34 request for production of documents to which they will respond in accordance with the rules governing discovery, they aver that a subpoena is not necessary.

## II.    APPLICABLE RULES AND LAWS

### A.    Federal Rules of Civil Procedure

#### 1.    Production of Documents

Rule 34 of the Federal Rules of Civil Procedure authorizes a party to request the production of documents "in the responding party's possession, custody, or control." See Rule 34(a)(1). It instructs that "[t]he request: (A) must describe with reasonable particularity each item or category of item to be inspected; (B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and (C) may specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 34(b). It further states that, pursuant to Rule 45, "a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c).

#### 2.    Subpoenas Duces Tecum

Rule 45 governs the issuance of subpoenas commanding a non-party to produce documents, electronically stored information, or tangible things. Fed. R. Civ. P. 45(a)(1)(D). Rule 45 provides that the Clerk of Court "must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Fed. R. Civ. P. 45(a)(3); see

also  N.D.D. Civ. L.R. 45.1 ("The Clerk must not issue blank subpoenas to a pro se party except upon order of the court.").  Rule 45 further provides that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things ..., then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).  The issuance of a subpoena duces tecum is subject to limitations, however.

"The Court has discretion whether to grant or deny subpoenas for indigent parties."  Bell v. Jefferson Cnty. Sheriff Dep't, No. 4:21-CV-00061-AGF, 2022 WL 4016379, at *1 (E.D. Mo. Sept. 2, 2022).  "This power should be exercised to protect the resources of the Court and the Marshal Service, and to prevent harassment and undue expense of other parties and non-parties." Id. (quoting Stockdale v. Stockdale, 4:08-CV-1773 CAS, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009).  "Courts generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case."  Id. (internal quotation marks omitted).  "The Court may deny a request for a subpoena if it is frivolous, immaterial or unnecessary, unduly burdensome, would result in costs the indigent cannot provide, or is otherwise unreasonable."  Id.  "A subpoena imposes an undue burden on a non-party when the same information is available but not first sought from a party." Id.

"The issuance of subpoenas to a prisoner raises two concerns: (1) the possibility that the prisoner may abuse the court's subpoena power; and (2) the viability of subpoenas as a tool for evidence collection given the prisoner's custodial status."  Benjamin v. Ward Cnty., No. 4:12-CV-028, 2013 WL 811444, at *3 (D.N.D. Mar. 5, 2013).  "Before the court will authorize the issuance

of subpoenas to a prisoner, it typically requires that the prisoner first provide some or all of the following information: (1) the name and address of the person (or entity) to whom each subpoena will be directed; (2) the purpose for each subpoena; (3) the prisoner's wherewithal to conduct any proceeding for which the subpoenas might be issued; (4) the prisoner's ability to tender any witness and other fees that may be required for the subpoenas; and (5) if other means of discovery are available, a demonstration by the prisoner that these other means are neither practical nor likely to result in the production of the needed information." Id.

### 3. Pro Se Litigants

"[P]ro se litigants are not excused from compliance with relevant rules of the procedural and substantive law." Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir. 1983); Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."). "A pro se litigant should receive meaningful notice of what is required of [him] but the court is not required or permitted to act as counsel for any party." Schooley, 712 F.2d at 373. Therefore, although Plaintiff is proceeding pro se, he is not excused from complying with the procedural and substantive rules equally applicable to all litigants.

### B. State Law Regarding Disclosure Prison Records

### 1. Case History Records

"Case history records" as used in the present context constitute "any record of a person in the custody or under the supervision and management of the division of adult services of the department of corrections and rehabilitation except for medical, psychological, and treatment records and legal files." N.D.C.C. § 12-47-36(1). These records encompass "inmate disciplinary proceedings, administrative and disciplinary segregation placements, institutional and criminal

investigation reports, supervision histories, job placements, education programs, inmate financial accounts . . . and protective management cases." Id. They are considered "exempt records," meaning that they are neither required by law to be open to the public nor confidential. See id.; see also N.D.C.C. § 44-04-17.1(5).

"Upon application to the district court, with service of the application on the department of corrections and rehabilitation and opportunity for the department to submit a written response, the court may order the inspection of a case history record unless there is a showing by the department of corrections and rehabilitation that a proper and legitimate reason exists for denying inspection of the case history record." N.D.C.C. § 12-47-36(1). "If the court issues an order allowing inspection, the court shall allow the department of corrections and rehabilitation to remove all identifying information that may create a risk of harm to property or to any person." Id.

### 2.    Medical Records

The medical, psychological, and treatment records of persons in the custody or under the supervision of the ND DOCR are considered confidential and therefore cannot be disclosed to any individual or entity except as authorized by state statute. See N.D.C.C. § 12-47-36(2).

State statute provides that a court may order the inspection of medical, psychological, and treatment records in whole or in part "upon application to the court and a showing that there is a proper and legitimate purpose for the inspection of the records, with service of the application on the department of corrections and rehabilitation and opportunity for the department of corrections and rehabilitation to submit a written response." Id. It further provides that, in litigation commenced by a person in the custody or under the supervision of the ND DOCR, the parties to the litigation may inspect the aforementioned records without prior application to the court

provided that "the records are relevant to the litigation and the subject of the records has signed an authorization." Id.

### 3.    Legal Records

"Records with respect to the person's identity, location, legal files except records under court seal, criminal convictions, or projected date of release, except for the records of a person who is under protective management, are open records." N.D.C.C. § 12-47-36(4). Consequently, court authorization is not required to access and inspect such records.

## III.    DISCUSSION

Following an initial screening of Plaintiff's pleadings as required by 28 U.S.C. § 1915A, the court dismissed Plaintiff's claims against the State of North Dakota and authorized Plaintiff to proceed against Defendants solely in their individual capacities. Consequently, the court preliminarily finds that, for the purposes of the instant motion, Fed. R. Civ. P. 45 as opposed to Fed. R. Civ. P. 34 governs as the ND DOCR is not a party to this action.

It does not appear at first blush that Defendant presently requires court involvement to obtain his legal or medical records in the possession of the ND DOCR. As noted above legal records are open records and records may be inspected without prior application to the court in this instance. As for medical records, they are available without prior application to the court to parties to the litigation provided that the appropriate authorizations have been signed.   in the custody or under the supervision of the ND DOCR, the parties to the litigation may inspect the aforementioned records without prior application to the court provided that "the records are relevant to the litigation and the subject of the records has signed an authorization.

As for case history records, it would appear from the response of defense counsel, an Assistant Attorney General for the State of North Dakota, it intends to respond to Plaintiff's request.  As such records are considered "exempt records" that the ND DOCR has a modicum of discretion  in regards to their disclosure and that defense counsel, an Assistant Attorney General for the State of North Dakota, has advised that the ND DOCR intends to respond to his request, it does not appear that a subpoena is presently required.  Consequently, the court is not presently inclined to direct the Clerk's office to issue a subpoena duces tecum as requested by Plaintiff.

## IV.    <u>CONCLUSION</u>

Plaintiff's request for the issuance of a subpoena duces tecum (Doc. No. 75) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated this 17th day of April, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
