IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Robert Williamson, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Chad Pringle, et al., ) | |
| ) | Case No. 1:24-cv-069 |
| Defendants. ) | |

On May 16, 2025, Plaintiff filed a document captioned "Plaintiff Response moving the court to Amend the following errors of this case, along with briefing/sur reply." (Doc. No. 82). First, he asserts:

> [91] The plaintiff has the right to correct dates involving E3, E4, and E5 in (R13:6:D). August 3, 2023, to be corrected to reflect 7/21/2023.
>
> [92] [7-21-25] Shall be the correct date to reflect on E3, E4 and E5 from this point forward.

(Doc. No. 82). Second, he "moves the defendants to reflect 7-21-23 for the date of E3, E4, and E5 since the phrase "on or about the date" is unintelligible vague." (Id. (errors in original)). He also "directs the defendant to complete the Amended date And as of the current Interrogatories also reflect 7-21-2023 for Robert Dickenson sent on 4-24-25. This includes the interrogatories in state Defendant's Response to Discovery on May 5, 2025." (Id. (errors in original)). Third, he challenges the affirmative defense of qualified immunity that Defendants asserted in their Answer to his Amended Complaint. Fourth, he replies to Defendants objections and/or responses to four of his requests for production. Finally, he "requests the court to give instructions for Defendants to comply with all matters of the State Defendants Response to Discovery." (Id.).

1

The court construes Plaintiff's filing as a motion to compel. For the reasons that follow, the court is disinclined at present to address the substance of Plaintiff's motion.

On February 19, 2025, the court issued an "Order for Rule 26(f) Planning Meeting and for Rule 16(b) Scheduling, and Order Regarding Discovery Dispute." (Doc. No. 62). Therein the court directed that the following steps be undertaken by all parties prior to filing any discovery motions:

(1) The parties are required to confer and fully comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.1 by undertaking a sincere, good faith effort to resolve all differences without court action or intervention.

(2) In the event that all parties have made reasonable, good faith efforts to confer and attempt to resolve any differences, without success, the parties are then required to schedule a telephonic conference with the magistrate judge in an effort to try to resolve the discovery dispute prior to filing any discovery motions. The magistrate judge may require the parties to submit brief position statements prior to the telephonic conference.

(3) If the discovery dispute is not resolved during the telephonic conference with the magistrate judge, the magistrate judge may permit filing of discovery motions. In connection with the filing of any such motions, the moving party must fully comply with all requirements of Rule 37(a)(1) and Local Rule 37.1 and must submit the certifications required by those rules.

(4) The court will not hear any discovery motion unless the parties have made a sincere, good faith effort to resolve the dispute and all of the above-described steps have been strictly followed. A failure to fully comply with all of the prerequisite steps may result in a denial of any motion with prejudice and may result in an award of costs and reasonable attorney's fees.

(Id.).

Plaintiff has not complied with the court's directive. There is nothing in the record generally or in Plaintiff's motion in particular to suggest that Plaintiff has conferred with Defendants and complied with Fed. R. Civ. P. 37.1 or D.N.D. 37.1. Plaintiff has not otherwise submitted the certifications required by those rules. Finally, Plaintiff has not contacted the court to schedule a

status conference to discuss the matters in dispute prior to filing his motion.

The court appreciates that Plaintiff is proceeding *pro se*. However, his status as a *pro se* litigant does not excuse his noncompliance with the rules of the procedure. See Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir. 1983); see also Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives.").

Accordingly, Plaintiff's motion to compel (Doc. No. 82) is **DENIED** without prejudice. The court shall schedule a status conference with the parties by telephone on June 9, 2025, at 10:00 AM by telephone to address Plaintiff's concerns regarding discovery. To participate in the status conference, the parties should call (571) 353-2301 and enter 292466149 followed by # when prompted for the "Call ID."

**IT IS SO ORDERED.**

Dated this 19th day of May, 2025.

>*/s/ Clare R. Hochhalter*
>Clare R. Hochhalter, Magistrate Judge
>United States District Court